**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 12, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER JOHN HENDERSON,

Defendant - Appellant.

No. 20-6152
(D.C. No. 5:19-CR-00311-G-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Christopher John Henderson pled guilty to child sex trafficking, in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2), (c), and 1594(a). The district court sentenced him to 240 months' imprisonment. Although his plea agreement contained a broad waiver of his appellate rights, he seeks to challenge his sentence through this appeal. The government has moved to enforce the appeal waiver in the plea agreement under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325. The government asserts that all of the *Hahn* conditions have been satisfied: (1) Henderson's appeal is within the scope of the appeal waiver because his sentence was within the range contemplated by the plea agreement; (2) he knowingly and voluntarily waived his appellate rights; and (3) enforcing the waiver would not result in a miscarriage of justice. In response to the government's motion, Henderson, through counsel, "acknowledges that his appeal waiver is enforceable under the standards set out in" *Hahn*, and "agrees that this appeal should be dismissed." Resp. at 1.

Based on this concession and our independent review of the record, we grant the government's motion and dismiss the appeal. We do so, however, without prejudice to Henderson's right to pursue post-conviction relief on the grounds permitted in his plea agreement.

<div style="margin-left: 50%;">

Entered for the Court
Per Curiam

</div>